MARK C. ZEBROWSKI (CA SBN 110175)
mzebrowski@mofo.com
ARAMIDE O. FIELDS (CA SBN 239692)
afields@mofo.com
SARA A. BRADLEY
sbradley@mofo.com (CA SBN 292319)
MORRISON & FOERSTER LLP
12531 High Bluff Drive
San Diego, California  92130-2040
Telephone: 858.720.5100

Attorneys for Plaintiffs
LEAP WIRELESS INTERNATIONAL, INC. AND
CRICKET COMMUNICATIONS, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEAP WIRELESS INTERNATIONAL, INC., a Delaware corporation, and CRICKET COMMUNICATIONS, INC., a Delaware corporation,<br><br>  Plaintiffs,<br><br>  v.<br><br>FLAT WIRELESS, LLC, a Texas limited liability company,<br><br>  Defendant. | Case No. **'14CV0027 MMA RBB**<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF** |

Plaintiffs Leap Wireless International, Inc. ("Leap") and Cricket Communications, Inc. ("Cricket") allege as follows:

## PARTIES

1. Leap is a Delaware corporation with its principal place of business in San Diego, California.

2. Cricket is a Delaware corporation with its principal place of business in San Diego, California and is a wholly owned subsidiary of Leap.

3. Defendant Flat Wireless, LLC ("Flat") is a Texas limited liability company with its principal place of business in Lubbock, Texas.

## JURISDICTION AND VENUE

4. Jurisdiction is proper under 28 USC § 1332(a)(1) because there is complete diversity between Leap and Cricket (Delaware and California) on the one hand and Flat (Texas) on the other, and the amount in controversy exceeds $75,000 because, among other things, Flat is asserting that Cricket is bound by a non-compete obligation following the transfer of its membership interests in Flat, and were that non-compete obligation upheld, notwithstanding that the agreement between Cricket and Flat clearly states that the obligation only applies for so long as Cricket is a member of Flat with a percentage membership interest of at least 2.0%, then Plaintiffs would be damaged in excess of $75,000.

5. Venue is proper under 28 USC § 1391(a)(1) because Defendant Flat is an entity subject to the Court's personal jurisdiction with respect to this action and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred, and the property that is the subject of this action (*i.e.*, Cricket's membership interest in Flat) is located in this judicial district.

## JURY DEMAND

6. Plaintiffs request a jury trial for any claims or issues as to which a jury may be legally available.

**BACKGROUND**

7. In July 2013, Leap entered into a Merger Agreement whereby, *inter alia*, AT&T, Inc. ("AT&T") will acquire all Leap shares for $15 plus a contingent value right per share, subject to various terms and conditions (the "Merger").

8. Cricket owns an approximately 4% membership interest in Flat, and also holds an unexercised warrant for the purchase of additional Flat membership interests (the "Warrant").

9. In anticipation of the Merger, Cricket is seeking to divest itself of its membership interest in Flat.

10. Flat is governed by that certain Amended and Restated Company Agreement of Flat Wireless, LLC (as amended, the "Company Agreement"), which Company Agreement sets forth the rights and obligations of the members of Flat.

11. Article XIII of the Company Agreement permits a member, including Cricket, to transfer its membership interest in Flat so long as it complies with the transfer terms of the Company Agreement.

12. In accord with the Company Agreement, Cricket has found a willing and qualified buyer for its Flat membership interest, which buyer has made a bona fide offer in writing to purchase Cricket's membership interest for value. In or about December, 2013, Cricket delivered a written notice to Flat and each of its other members notifying them of the proposed sale of Cricket's membership interest in Flat and offering to sell its membership interest to the other members of Flat on the same terms in accordance with the right of first refusal provisions set forth in Section 13.06 of the Company Agreement.

13. Despite Cricket's right to sell its membership interest and its compliance with the terms of the Company Agreement, Flat has repeatedly refused to recognize Cricket's right to sell its membership interest and has asserted that Cricket will remain a member bound by, and subject to duties under, the Company Agreement irrespective of any such sale.

14. Upon a sale of its membership interest in Flat, Cricket would no longer be a "Member" of Flat as defined in the Company Agreement, and would no longer have any duties or obligations as a "Member."

15. Section 17.01(b) of the Company Agreement contains a limitation on competition that applies to each "Cricket Member" and their "Controlled Affiliates" for so long as the Cricket Members have a combined Membership Percentage Interest of at least 2.0% in Flat.

16. The Company Agreement defines "Cricket Member" to mean "Cricket, Leap or any Subsidiary thereof that is a Member at the time of determination."

17. The Company Agreement defines "Controlled" to mean "the possession, directly or indirectly, of the power in fact *(de facto)* or in law *(de jure)* to direct or cause the direction of management policies of such Person, whether through the ownership of voting securities or other ownership interests, by contract or otherwise."

18. The Company Agreement defines "Affiliate" to include "any other Person Controlling, Controlled by or under direct or indirect common Control with such Person" and defines "Person" to include "any business entity."

19. The Company Agreement provides that any dispute arising in connection with the agreement is to be resolved by arbitration before a single JAMS arbitrator. It also provides that "any Disputing Member also may, without waiving any remedy under this Agreement, seek from any court having jurisdiction any interim or provisional relief that is necessary to protect the rights or property of such Disputing Member, pending the establishment of the arbitral tribunal (or pending the arbitral tribunal's determination of the merits of the controversy)."

20. Cricket will separately commence arbitration for Flat's breaches of the Company Agreement. However, Plaintiffs will be irreparably injured if they must wait for any relief until the conclusion of an arbitration.

**THE DISPUTE**

21. Plaintiffs contend that :

(a) Cricket is entitled to sell its Flat membership interest so long as it complies with the Company Agreement;

(b) Cricket is complying with the Company Agreement in selling its membership interest in the sale;

(c) Flat must comply with the Company Agreement to implement and give effect to the consummation of the sale of Cricket's membership interest so long as Cricket is complying with the Company Agreement;

(d) when the membership interest is sold, Cricket will no longer be a Member subject to, or have any obligations under, the Company Agreement; and

(e) the fact that Cricket holds an unexercised Warrant for Flat membership interests does not make Cricket a Member of Flat.

22. Plaintiffs are informed that Flat contends that:

(a) Cricket is not entitled to sell its Flat membership interest even if it complies with the Company Agreement;

(b) Cricket is not complying with the Company Agreement in selling its membership interest;

(c) Flat need not comply with the Company Agreement to implement and give effect to the consummation of the sale of Cricket's membership interest;

(d) even if the membership interest is sold, Cricket will still have continuing obligations under the Company Agreement, including those of a Member; and

(e) so long as Cricket holds such Warrant it remains bound by the Company Agreement as a Member.

**CLAIM FOR DECLARATORY JUDGMENT**

23. Cricket must complete the sale of its Flat membership interest without delay.

24. Plaintiffs request a declaratory judgment that:

4

sd-633050

(a) Cricket is entitled to sell its Flat membership interest so long as it complies with the Company Agreement;

(b) Cricket is complying with the Company Agreement in selling its membership interest after giving effect to the rights of first refusal contained in Section 13.06 of the Company Agreement;

(c) Flat must comply with the Company Agreement to implement and give effect to the consummation of the sale of Cricket's membership interest;

(d) when Cricket's membership interest is sold, Cricket will no longer be or have any obligations under the Company Agreement, including without limitation those of a "Member"; and

(e) if Cricket continues to hold the unexercised Warrant after the sale of its membership interest, Cricket will not, by virtue of holding such Warrant, be a Member of Flat.

25. In advance of, and in addition to, declaratory relief, Plaintiffs request an injunction requiring that, so long as Cricket complies with the requirements of the Company Agreement regarding the sale of its Flat membership interest, then Flat must comply with the Company Agreement to implement and give effect to the consummation of the proposed sale of Cricket's membership interest. Plaintiffs will be seeking such relief by separate motion.

26. Plaintiffs have no other adequate or timely remedy at law than the declaratory and/or injunctive relief requested herein.

**PRAYER**

WHEREFORE, Plaintiffs pray for judgment as follows:

1. For a declaration that:

(a) Cricket is entitled to sell its Flat membership interest so long as it complies with the Company Agreement;

1       (b) Cricket is complying with the Company Agreement in selling its
2  membership interest after giving effect to the rights of first refusal in Section 13.06
3  of the Company Agreement;
4       (c) Flat must comply with the Company Agreement to implement and give
5  effect to the consummation of the proposed sale of Cricket's membership interest;
6       (d) when Cricket's membership interest is sold, Cricket will no longer be or
7  have any obligations of a "Member" under the Company Agreement; and
8       (e) if Cricket continues to hold the unexercised Warrant after the sale of its
9  membership interest, Cricket will not, by virtue of holding such Warrant, be a
10 Member of Flat.
11      2.   For an injunction requiring that so long as Cricket complies with the
12 requirements of the Company Agreement regarding the sale of its Flat membership
13 interests, then Flat must comply with the Company Agreement to implement and
14 give effect to the consummation of the sale of Cricket's membership interest.
15      3.   For costs of suit; and
16      4.   For such other and further relief as the Court may order.

Dated: January 5, 2014

MARK C. ZEBROWSKI
ARAMIDE O. FIELDS
SARA A. BRADLEY
MORRISON & FOERSTER LLP

By: /s/ Mark C. Zebrowski
    MARK C. ZEBROWSKI
    MZebrowski@mofo.com

    Attorneys for Plaintiffs
    LEAP WIRELESS
    INTERNATIONAL, INC. AND
    CRICKET
    COMMUNICATIONS, INC.